UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANHUI JOYFUL MANUFACTURING &
TRADING CO., LTD. and ANHUI IMPORT
AND EXPORT CO., LTD.,

                        Plaintiffs,                      23-cv-8070 (PKC)

         -against-                              <u>ORDER</u>

M.I.S.S. SPORTSWEAR, INC. and THE MISS
GROUP,

                        Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.

       This Court previously granted summary judgment in favor of plaintiffs Anhui

Joyful Manufacturing & Trading Co., Ltd. and Anhui Import and Export Co., Ltd. (collectively,

"Anhui") on their motion for summary judgment on their contract claim against defendants

M.I.S.S. Sportswear Inc. and the Miss Group (collectively, "MISS").  (ECF  35.)[1]  Anhui is a

China-based manufacturer and exporter of garments.  MISS purchases and manufactures

garments and sells them to national retail chains.  Between May 2022 and March 2023, MISS

placed a total of 247 garment orders with Anhui, with each transaction made through a purchase

order.

       Now, having substantially prevailed in this action, Anhui seeks to amend its

complaint to join as defendants three purported entities: 9th Street Apparel, Kids Can't Miss, and

Pinc Premium.  Anhui use a corporate designation such as "Inc." or " Corp." in the name of any

of the three proposed defendants.  Anhui does assert, upon information and belief, that they are

---

[1] The Court dismissed Anhui's claims for account stated and goods sold and delivered as duplicative of its
successful breach of contract claim.

New York corporations.  (ECF 39-3 ¶¶ 7-9.)  But the New York Secretary of State maintains a free public website of entities incorporated in New York and it does not appear that any of the three are incorporated in New York.[2]  Defendants have opposed the request to amend as "too late" and "unduly prejudicial."  (ECF 37.)

Anhui asserts that the original defendants transferred all of their assets to the new "entities" after the commencement of this action.  Anhui did not know about the purported asset transfers before the deadline in the Scheduling Order for motions to amend or join additional parties.  (ECF 16.)  But Anhui did learn about the transfers in "recent months" before making its application to amend and join additional parties and, thus, its ability to meet the Rule 16 "good cause" standard is far from clear.  (ECF 39-4.)  But even under the standard of Rule 15, Fed. R. Civ. P., the Court would deny the motion to amend and join parties without prejudice to bringing a separate action.  Discovery in the action closed two years ago, followed by the briefing and ruling on a summary judgment motion one year ago.  Little needs to be done to bring this action to conclusion and final judgment, except to dispose of the pending counterclaim, which is resolved in this Order.  Allowing joinder of three new "entities" – if they are indeed entities – whose citizenship is unknown would likely delay the entry of final judgment for years to come.  There is no assertion that claims against these entities would be barred by the statute of limitations if asserted in a new action but not barred in this action.  See, e.g. Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

The motion to amend will be denied without prejudice to commencing a new action against the appropriate persons or entities in an appropriate forum.

---

[2] See https://apps.dos.ny.gov/publicInquiry/ (last visited April 2, 2026).  While the Court is not accustomed to running searches of public databases for corporate litigants represented by counsel, its cursory search did not turn up the names of any of the three entities.

The only remaining claim in the action is the counterclaim of MISS for which Anhui seeks summary judgment.  MISS has not filed a response to the summary judgment motion and its time to do so has long passed.  Faithful to the teachings of <u>Vermont Teddy Bear Co. v. 1-800 Beargram Co.</u>, 373 F.3d 241, 244 (2d Cir. 2004), the Court examines whether Anhui is entitled to judgment as a matter of law on its unopposed motion.

The counterclaim alleges that Anhui sold and delivered defective goods.  (ECF 14 at 7-9.)  In granting Anhui's motion for summary judgment for goods sold and delivered, the Court addressed the precise allegations that form the basis of the counterclaim:

> In June 2023, Anhui and MISS exchanged communications about MISS's unpaid invoices.  A MISS executive agreed to a payment schedule, but shortly thereafter, MISS reported that Anhui's shipments contained defective products, including incorrectly sized garments, items where dyed colors were "bleeding" and items with defects in their texture.  MISS conducted only a limited inspection of the contents of Anhui's shipments because sample garments conformed to design specifications and because Anhui had good work history.  MISS states that it became aware of the manufacturing defects when retail outlets stopped placing new orders, prompting MISS to investigate their reasons.  MISS halted payments to Anhui in August 2023.

(ECF 35 at 1.)

The Court's Opinion examined the chronology of the shipments and timeliness of any purported rejection by MISS.  It did so based on the identical record that supports the present summary judgment motion.  Had MISS timely rejected the goods after their delivery or tender because of defects, summary judgment in favor of Anhui on its affirmative claim would have been foreclosed.  N.Y. U.C.C. § 2-606.  But the Court concluded that there had been no timely rejection of any of the goods:

> The summary judgment record reflects that MISS accepted delivery of Anhui's goods, had a reasonable opportunity to inspect the goods, and did not seasonably reject them. MISS accepted the goods as a

> matter of law when it re-sold them to retailers. In opposition, MISS has not come forward with facts that would permit a reasonable trier of fact to find in its favor on Anhui's claim for breach of contract. Anhui's summary judgment motion will therefore be granted on its breach of contract claim.

(ECF 35 at 2.)  There is an identity of issues between the main claim and the counterclaim insofar as timely rejection of defective merchandise.  MISS had a full and fair opportunity to litigate the issue and the issue was actually and necessarily decided against MISS.  It may not relitigate the same issue decided in the main claim in the context of the counterclaim.

Anhui's motion to for summary judgment dismissing the counterclaim will be granted.

CONCLUSION

Anhui's motion to amend and join additional parties is DENIED without prejudice to its right to assert the claims in a separate action.  Anhui's motion for summary judgment dismissing the counterclaim of defendants is GRANTED.

Within seven days, plaintiffs shall submit a proposed final judgment in accordance with the Court's Opinion and Order of March 21, 2025 (ECF 35), providing for judgment in favor of Anhui Joyful in the amount of $701,670.20 against defendants M.I.S.S. Sportswear Inc and the Miss Group, jointly and severally, and judgment in favor of Anhui Imports as against defendants M.I.S.S. Sportswear Inc. and the Miss Group, jointly and severally, in the amount of $1,706,760.18, together with the prejudgment interest calculation for each defendant at the simple rate of 9% per annum.

- 5 -

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
      April 2, 2026